UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUANITA E. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:09-cv-1577-DML-RLY |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## Entry on Motion for Attorneys' Fees

Plaintiff Juanita E. Williams has moved the court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration. (Dkt. 33). Ms. Williams seeks an award of $6,274.13.[1] Although the court finds that the Commissioner's position was not substantially justified, it also finds that Ms. Williams's motion does not satisfy the statutory requirements and that special circumstances make an award of fees unjust. The court therefore DENIES Ms. Williams's motion.

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award unjust. The party's motion to recover her fees must be timely and must be supported by an itemized statement from the

---

[1] Ms. Williams initially asked the court to award $6,697.13, but reduced her request to $6,274.13 to compromise some objections by the Commissioner to the amount of fees. *See* Reply Brief, Dkt. 37.

attorney representing the party "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Ms. Williams's fee request on the ground that the Commissioner's position was substantially justified, an issue for which the Commissioner bears the burden of proof. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). If the court rejects the Commissioner's threshold argument that no fees should be awarded, the Commissioner contends that the fees requested are not reasonable in amount, and should be reduced.

**The Commissioner has not met his burden to show that the government's position was substantially justified.**

To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one determination as to the entire civil action. *Stewart*, 561 F.3d at 683*; Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce,* 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground for denying benefits." *See Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

Recent decisions by the Seventh Circuit provide guideposts for assessing when the Commissioner's position is and is not substantially justified. In *Stewart,* 561 F.3d 679 (7th Cir. 2009), the district court had remanded the Commissioner's denial of disability benefits but denied fees under the EAJA. The Seventh Circuit reversed the denial of fees, finding that the ALJ's decision had "contravened longstanding agency regulations, as well as judicial precedent," both in deciding the plaintiff's residual functional capacity and then in formulating the hypothetical question to the vocational expert. *Id.* at 684. Also, in *Golembiewski v. Barnhart,* 382 F.3d 721 (7th Cir. 2004), the Seventh Circuit reversed a district court's denial of fees under the EAJA because the ALJ and the Commissioner had "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Id.* at 724. Indeed, the court had not adopted or affirmed any position the Commissioner had advanced in defending the ALJ's decision. *Id.*

On the other side of the EAJA boundary, by comparison, are *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), and *Conrad v. Barnhart,* 434 F.3d 987 (7th Cir. 2006), cases in which the Seventh Circuit affirmed the district courts' denials of fees. In each of these cases, the disability claimant had prevailed in the district court primarily because of inadequate explanations by the ALJ of what might well have been a reasonable bottom-line decision to deny benefits. *See also Bassett v. Astrue,* 2011 WL 2083979 at *2 (7th Cir. May 27, 2011) (something more than a "run-of-the-mill error in articulation" is typically needed to make the Commissioner's position not justified); *Frost v. Astrue,* 369 Fed. Appx. 721, 722 (7th Cir. 2010) (insufficient explanation by an ALJ differs from lack of substantial justification for a denial of benefits).

This case presents circumstances akin to those in *Stewart* and *Golembiewski*. The court ruled in favor of Ms. Williams principally because the ALJ had not, as he was required to do, obtained expert medical opinion on whether Ms. Williams's severe physical impairments alone or in combination met or medically equaled any of the impairments in the Listing of Impairments. The ALJ did not cite, discuss, or otherwise indicate his reliance on any expert medical opinion to support his step three finding. *See Barnett v. Barnhart,* 381 F.3d 664, 670 (7th Cir. 2004) (ALJ "must consider an expert's opinion on the issue" of medical equivalence). The court recognized that Disability Determination and Transmittal (DDT) forms completed by state agency physicians at the initial and reconsideration levels of review *can* supply the required medical evidence to support an ALJ's step three finding (*see Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004)), but the forms must actually reflect a medical judgment and must have been relied on by the ALJ. The ALJ never referred to the DDT forms in the administrative record and there was no indication that the ALJ relied on them. Nor would it have been reasonable for the ALJ to have relied on the forms in Ms. Williams's case.

The Commissioner's argument (in support of the ALJ's decision and made again here to oppose a fee award) that the DDT forms in the administrative record for Ms. Williams supplied the necessary expert medical evaluation is without a reasonable basis. The DDT forms merely described the medical assessment as "insufficient evidence," noted that a "Prior folder has been sent," described the medical diagnoses as "None Established," and recited there was "No medical evidence in file." These notations would reveal to a reasonable reader that the agency physicians did not have any medical evidence in the file to review, had nothing on which to base a medical judgment, and therefore could not make any diagnoses, let alone opine on whether Ms. Williams's severe impairments (whatever they might be) alone or in combination met or

medically equaled a listing.

The Commissioner could point to no other medical opinion evidence to support that Ms. Williams's impairments did not medically equal a listing. Without DDT forms reflecting a medical equivalence judgment or other medical evidence or testimony on the issue of medical equivalence, the ALJ's decision could not be upheld. *See Barnett,* 381 F.3d 664, 670 (7th Cir. 2004) ("ALJ must consider an expert's opinion on the issue" of medical equivalence); SSR 96-6p ("longstanding policy requires that the judgment of a physician" on the issue of equivalence "must be received into the record as expert opinion evidence").

The ALJ's failure to obtain the required expert medical opinion, and the Commissioner's defense of that failure, contravened judicial precedent and the Commissioner's own ruling and regulations. The court therefore finds that the Commissioner's position was not substantially justified.

**An EAJA fee petition must be supported by an accurate itemization of the actual attorney time expended.**

Ms. Williams's and the Commissioner's briefing regarding the proper amount of a fee award focuses on whether Ms. Williams is seeking an award based on a reasonable number of hours spent and at a reasonable hourly rate in compliance with the EAJA. But the court has a threshold concern with Mr. Mulvany's itemization of the time he expended on Ms. Williams's behalf as set forth in counsel's Affidavit Regarding Application for Attorney Fees under the Equal Access to Justice Act. (Dkt. 33-1).

The EAJA requires that a request for fees include "an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the *actual time expended* and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). In reviewing the parties' arguments regarding the reasonableness of certain of the hours

counsel testified he spent, the court experienced a sense of *déjà vu;* the parties were arguing about the reasonableness of the same numbers of hours for the same tasks that the Commissioner and Mr. Mulvany have argued about for other EAJA petitions Mr. Mulvany has filed. This prompted the court to look more closely at EAJA petitions filed by the plaintiff's counsel in this court and others within this district. A look at a few of Mr. Mulvany's recent petitions demonstrated that they are virtually identical, which led the court to review Mr. Mulvany's EAJA petitions filed over the last approximately 18 months. The pattern leads the court to conclude that Mr. Mulvany has not tracked and reported the actual time he expends in prosecuting cases seeking judicial review of the Commissioner's decisions denying disability claims. Instead, it appears that Mr. Mulvany has decided that certain legal tasks have specific hourly "worth," no matter the case, no matter the issues, no matter the arguments, no matter the complexity—and *no matter the actual time expended*, as required by the EAJA.

The court's review of fee petitions reveals, for example, that Mr. Mulvany's affidavits (filed within the last year) *always* state that he spends exactly 3.5 hours getting the case on file (preparing and filing the complaint, appearance, civil cover sheet), that he *always* spends exactly 15 hours on the opening brief (doing legal research, writing, filing, and serving the brief), that he *always* spends exactly 3 hours reviewing the Commissioner's opposing brief, that he *always* spends exactly 10 hours on the reply brief (doing legal research, writing, filing, and serving the brief), that he *always* spends exactly 1.5 hours reviewing the court's final decision, and that he *always* spends exactly 2 hours preparing and filing the EAJA fee application. The court's review also shows that approximately a year ago, Mr. Mulvany gave himself a "raise" by across-the-

board increases in the time he reports for each task he performed.[2]  Attached to this entry is a summary of the court's review of EAJA fee petitions filed in 2010 and 2011 by Mr. Mulvany on behalf of his clients that graphically illustrates these observations.  Needless to say, this pattern calls into serious doubt the veracity of Mr. Mulvany's affidavit attesting to the time he expended on legal services representing Ms. Williams.

At a minimum, the pattern demonstrates that Ms. Williams's motion for fees does not comply with the statute's requirement of an itemized statement of the actual time expended by the attorney for which fees are sought.  In addition, the court has no confidence that the list of hours in Mr. Mulvany's affidavit even bears a reasonable relationship to the time that he actually spent. For example, a review of fee petitions filed by Mr. Mulvany over the last year shows that the fee petitions are materially identical except for one or two paragraphs in each that summarizes the claimant's argument that the Commissioner's litigation position was not substantially justified.  It is efficient for a disability benefits attorney to create an exemplar fee petition that he can then craft to fit individual circumstances.  But the efficiency should manifest itself in less time, over time, necessary to perform the legal work to prepare a fee petition.  Yet Mr. Mulvany continues to file affidavits stating that he spent two hours preparing the fee petition.  Mr. Mulvany's briefs in social security disability cases also routinely consist primarily of boilerplate used from one case to the next, which many times is not sufficiently tied to the facts and issues of the particular case.  But what these briefs lack in persuasiveness should at least be reflected in time efficiencies achieved in preparing them.  As another example, Mr. Mulvany's 1.5 hours, every time, for reviewing a court's entry and judgment is also illogical.  It

---

[2]  Beginning with affidavits submitted this year, however, he reverted to the prior number of hours reported for initial brief preparation (15.0) but increased (to 1.5 hours) the time reported for reviewing the court's judgment.

simply cannot be true that a lawyer always spends the same amount of time to review an entry no matter the length of the entry or the complexity or novelty of the issues discussed in the entry. For example, it cannot take 1.5 hours to review an entry that is only two pages long. *See Whitlow v. Astrue,* Case No. 1:09-cv-01188-DML-JMS, Dkt. 32 (Mr. Mulvany's affidavit, Dkt. 34-1 attests to 1.5 hours devoted to reviewing the two-page entry).

Because Ms. Williams's motion does not comply with the statutory requirement to file a statement reflecting the actual attorney time expended and because the court's lack of confidence in Mr. Mulvany's affidavit is a "special circumstance that makes an award unjust," the court DENIES Ms. Williams's motion.

## **Conclusion**

For the foregoing reasons, plaintiff Juanita E. Williams's motion for an award of fees under the EAJA (Dkt. 33) is DENIED.

So ORDERED.

Date: 06/24/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net

8

# 2010-2011 EAJA Fee Petitions by Attorney Mulvany

| Date | Case | complaint and pauperis petition | legal research; write-file-serve p's brief | review memorandum in support | legal research, write-file-serve p's reply brief | review judgment | prepare and file EAJA fee application |
|---|---|---|---|---|---|---|---|
| 01/19/10 | 1:09-cv-0255 | 2.5 | 15.0 | 2.0 | 7.5 | 1.0 | 2.0 |
| 05/07/10 | 1:09-cv-0064 | 2.5 | 15.0 | 2.0 | 7.5 | 2.0 | 2.0 |
| 05/15/10 | 1:08-cv-1354 | 2.5 | 15.0 | 2.0 | 7.5 | 2.0 | 2.0 |
| 06/14/10 | 1:09-cv-0130 | 2.5 | 15.0 | 2.0 | 7.5 | 1.0 | 2.0 |
| 06/29/10 | 1:09-cv-0592 | 3.5 | 17.5 | 3.0 | 10.0 | 1.0 | 2.0 |
| 07/24/10 | 1:09-cv-0254 | 3.5 | 17.5 | 3.0 | 10.0 | 1.0 | 2.0 |
| 08/11/10 | 1:08-cv-1353 | 3.5 | 17.5 | 3.0 | 10.0 | 1.0 | 2.0 |
| 08/20/10 | 1:09-cv-0840 | 3.5 | 17.5 | Omitted | 10.0 | 1.0 | 2.0 |
| 10/20/10 | 1:09-cv-1114 | 3.5 | 17.5 | 3.0 | 10.0 | 1.0 | 2.0 |
| 12/16/10 | 1:09-cv-1165 | 3.5 | 17.5 | 3.0 | 10.0 | 1.0 | 2.0 |
| 01/24/11 | 1:09-cv-1386 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 04/21/11 | 1:09-cv-1261 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/04/11 | 1:09-cv-1579 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/10/11 | 1:09-cv-1519 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/14/11 | 1:09-cv-1188 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/16/11 | 1:10-cv-0221 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/23/11 | 1:09-cv-0625 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 05/23/11 | 1:09-cv-1577 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |
| 06/01/11 | 1:10-cv-0168 | 3.5 | 15.0 | 3.0 | 10.0 | 1.5 | 2.0 |